By the Court:
 

 Booth,
 
 Chief Justice.
 

 -The question has been argued whether a barty can by his own consent be examined against his interest without the consent of his co-parties, and an express authority is. cited iat he cannot, (8
 
 Taunt. Rep.
 
 141;) but conceding that this is not ie law, as I think it is not, and that a party may be so examined nth his own consent; the question still remains, whether an infant |arty
 
 can consent
 
 to such an examination.
 

 This is an issue sent to us by the register to try'a certain question, ’he register has made the parties to that issue, and among them we [nd Mary Ann Rickards, an infant under the age of twenty-one (ears, by her next friend, Isaac Bradley, as a party plaintiff. Whether Ightly or not, she is made a party to this suit; but, apart from that, appears to us that she is a party in interest and entitled, if the will set aside, to a portion of the testator’s estate. She was, therefore, roperly made a party. Mary Ann Rickards is a witness to the Jill; and is willing to testify in favor of the wall and against her in-Irest. But she is an infant, and the question is, whether standing as le does before us as a party not only in interest but of record, a Irty by next friend to supplv her rvant of capacity to do any legal
 
 *396
 
 act, whether she can
 
 consent
 
 to be examined against her interest, and to defeat her rights as heir at law.
 

 Ridgely, Wootten
 
 and
 
 Fisher,
 
 for the will.
 

 Cullen, Frame
 
 and
 
 Bates,
 
 contra.
 

 We take the law to be that a party of record may
 
 be
 
 examined with his consent to testify against his interest; but he cannot be compelled to do so, and his voluntary consent is absolutely requisite. For as his declarations would be evidence against him and his co-pai’ties, his oath may also be admitted, but both declarations and oath must be voluntary. Now an infant has no legal volition; she cannot consent to give evidence in this cause to defeather rights any more than she could release her rights, or defeat them by any formal legal instrument. And as the court would vacate any instrn ment executed by her to the prejudice of her interest, it will with only an equal regard to her interests and want of capacity, prevent her doing any act which would have the same
 
 effect.
 
 Perhaps I might more properly say, that the court will only refuse to recognize her l’ight to do an act which requires judgment and discretion, that th law does not allow to persons under age.
 

 Witness rejected.
 

 The counsel for the will now called Isaac Bradley, the next friend! and asked his consent to the examination of Mary Ann Rickardsl This was objected to, and the court said it was no matter whetbef the next friend consented or not. The witness was an incompetenl witness, and could not whilst she remained a party of record, be| come competent until her disability to consent was removed.
 

 The will was finally confirmed.